**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **J.L. and A.L.**

**No. 24-180** (Kanawha County 23-JA-172 and 23-JA-173)

## MEMORANDUM DECISION

Petitioner Mother H.L.[1] appeals the Circuit Court of Kanawha County's March 1, 2024, order terminating her parental rights to J.L. and A.L.,[2] arguing that the court erred by denying her motion for a post-adjudicatory improvement period and terminating her parental rights when there were less restrictive dispositional alternatives. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In June 2023, the DHS filed a petition alleging that the petitioner and the father engaged in domestic violence in the presence of the children and abused illicit substances. Furthermore, the petitioner repeatedly sent the children to reside with the paternal grandfather, stating that she did not want them. At the outset of the adjudicatory hearing held in September 2023, the court ordered the petitioner to drug screen and recessed to await the results. The drug screen returned positive for methamphetamine and alcohol. Despite the positive results, the petitioner testified that she did not have a substance abuse problem. However, the petitioner admitted to the history of domestic violence with the father and that she continued to associate with him. The court also heard testimony from Child Protective Services ("CPS") workers and the grandfather and found clear and convincing evidence that the children were abused and neglected based on the petitioner's substance abuse and failure to protect the children from domestic violence. The court adjudicated

---

[1] The petitioner appears by counsel Sandra K. Bullman. The West Virginia Department of Human Services appears by counsel Attorney General John B. McCuskey and Assistant Attorney General James Wegman. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel. Counsel Jennifer R. Victor appears as the children's guardian ad litem ("guardian").

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

the petitioner as an abusing parent and ordered that the DHS provide reunification services including drug screens, substance abuse treatment, adult life skills and parenting education, domestic violence counseling, a psychological evaluation, and supervised visitation if screening negative for substances. The petitioner thereafter filed a motion for a post-adjudicatory improvement period.

The court proceeded to disposition in January 2024, at which time the petitioner was not present but was represented by counsel who advised that the petitioner had notice of the hearing. A CPS worker testified that the petitioner had been participating in services inconsistently and had recently attended a substance abuse treatment program. However, upon her release from the treatment program, the petitioner was arrested for driving under the influence ("DUI") causing serious bodily injury. The court took judicial notice of the criminal complaint, which outlined the vehicle accident that prompted the petitioner's arrest. According to the criminal complaint, the petitioner was driving a vehicle with two passengers in the early morning hours and struck a utility pole. One passenger had a large laceration on his head and was unresponsive. The other passenger gave a statement to law enforcement, admitting that she and the petitioner had stopped at a nearby residence beforehand and smoked fentanyl on foil. When later questioned by hospital staff, the petitioner admitted that she "hit the foil and then crashed." Based on the foregoing, the court denied the petitioner's motion for a post-adjudicatory improvement period, finding that she failed to demonstrate that she would be likely to comply. The court further found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination of her parental rights was necessary for the welfare of the children. It is from the dispositional order that the petitioner appeals.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). The petitioner argues that the court erred by denying her motion for a post-adjudicatory improvement period. Pursuant to West Virginia Code § 49-4-610(2)(B), the court may grant a post-adjudicatory improvement period when, among other things, the petitioner "demonstrates, by clear and convincing evidence, that [she] is likely to fully participate." Despite this evidentiary burden, the petitioner did not appear for the dispositional hearing or present any evidence in support of her motion. The petitioner argues that because she completed a substance abuse treatment program, her "circumstances could have changed." We disagree, considering the petitioner's relapse and DUI following her release from treatment, which clearly demonstrates that improvement would be unlikely. The court specifically found as much, and we see no abuse of discretion under these circumstances. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) ("The circuit court has the discretion to refuse to grant an improvement period when no improvement is likely.").

The petitioner further argues that the court erred by terminating her parental rights rather than granting a less restrictive dispositional alternative. However, the petitioner ignores our prior holding that circuit courts may terminate parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)(6)] that conditions of neglect or abuse can be substantially corrected." Syl. Pt.

---

[3] The father's parental rights were terminated by the same order, and the permanency plan for the children is adoption by a kinship placement.

2

5, in part, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980)). The court specifically found that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future, and this finding is supported by the evidence in the record. Although the petitioner showed some potential for improvement by attending substance abuse treatment, the conditions drastically worsened after her release, as evidenced by the vehicle accident while she was under the influence of fentanyl. The court further found that the children's welfare required termination, a finding the petitioner does not challenge on appeal. Therefore, we cannot find any error in the court's decision to terminate her parental rights. *See* W. Va. Code § 49-4-604(c)(6) (permitting circuit courts to terminate parental rights upon such findings).

Accordingly, we find no error in the decision of the circuit court, and its March 1, 2024, order is hereby affirmed.

Affirmed.

**ISSUED**: January 29, 2025

**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV